UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **BIANCA ORTIZ,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**INFORM DIAGNOSTICS, INC., et al.,** )<br>)<br>Defendants. )<br>) | Civil Action No. 24-10967-FDS |

**ORDER ON DEFENDANTS' MOTIONS TO DISMISS
AND PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

**SAYLOR, C.J.**

This is a civil action alleging workplace disability discrimination. Plaintiff Bianca Ortiz was employed as a specimen-processing analyst at Inform Diagnostics Inc. She is proceeding *pro se*.

The complaint appears to assert claims for disability discrimination and retaliation under the ADA and conspiracy to violate the ADA. It names as defendants various individual supervisors and human-resources employees in addition to plaintiff's employer, defendant Inform Diagnostics, Inc.

Defendant Inform Diagnostics has moved to dismiss the complaint for failure to state a claim. Defendant Brianna Bonome filed a motion joining in Inform's motion to dismiss. Plaintiff then filed a motion for leave to file an amended complaint, but did not submit a proposed amended complaint to that motion.

For the following reasons, defendants' motions to dismiss will be granted with prejudice

as to the claims against the individual defendants and the claim for conspiracy to violate the ADA, and granted without prejudice as to the claims against Inform Diagnostics for disability discrimination and retaliation. Plaintiff's motion for leave to file an amended complaint will be denied without prejudice to its renewal to remedy its deficiencies.

**I.      Analysis**

As an initial matter, the First Circuit "agree[s] with the virtually universal view that Title I of the ADA, like Title VII of the Civil Rights Act, 'addresses the conduct of employers only and does not impose liability on co-workers.'" *Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 52 (1st Cir. 2011) (quoting *Fantini v. Salem State Coll.*, 557 F.3d 22, 31 (1st Cir. 2009)). Furthermore, "in the context of employment discrimination, the retaliation provision of the ADA, which explicitly borrows the remedies set forth in § 2000e–5 [of Title VII], cannot provide for individual liability." *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010). Accordingly, the ADA discrimination and retaliation claims against individual defendants will be dismissed.

There is also no basis upon which to bring a claim for conspiracy to violate the ADA. To begin, there is no federal statutory mechanism to assert such a claim. *See Isaacs v. Trs. of Dartmouth Coll.*, 2017 WL 2982954, at *7 (D.N.H. July 12, 2017) ("[T]he court of appeals for [the First C]ircuit has held that [42 U.S.C.] § 1985 does not provide a remedy for ADA violations."), aff'd, 2019 WL 10837707 (1st Cir. Jan. 3, 2019); *see also M.M.R.-Z. ex rel. Ramirez-Senda v. Puerto Rico*, 528 F.3d 9, 13 n.3 (1st Cir. 2008) ("Section 1983 cannot be used as a vehicle for ADA or other statutory claims that provide their own frameworks for damages."). Furthermore, there is no basis to assert a state-law claim for civil conspiracy, as all of the alleged actors are employees of the same legal entity, acting in their official capacities. *See Ziglar v. Abbasi*, 582 U.S. 120, 153 (2017) ("Under this principle—sometimes called the

intracorporate-conspiracy doctrine—an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy."). Thus, plaintiff's claim for conspiracy to violate the ADA will also be dismissed.

The remaining claims are asserted against Inform Diagnostics for discrimination and retaliation under the ADA. The complaint fails to set forth facts necessary to sustain either claim. Crucially, it does not identify plaintiff's disability, stating only that she has "physical [and] mental impairments." (Compl. at 4). At a bare minimum, an ADA plaintiff must allege that she has an impairment—otherwise the statute does not apply—and identify what that impairment is—otherwise the defendant cannot fairly defend itself. The failure of the complaint to identify plaintiff's impairment is sufficient reason to grant the motion to dismiss. Furthermore, the complaint is otherwise threadbare at best, containing only a handful of mostly conclusory allegations. Thus, the Court clearly has a basis to grant defendant's motion to dismiss the claims for disability discrimination and retaliation.

Nonetheless, while the complaint fails to state a claim for discrimination or retaliation under the ADA, certain filings from plaintiff seem to suggest that she may have a more robust set of facts at her disposal that, considered together and taken as true, might suffice to state a plausible claim. (*See, e.g.*, ECF No. 4 Ex. 1; ECF No. 31, ECF No. 34). Plaintiff's currently pending motion for leave to file an amended complaint, however, does not include a proposed amended complaint for the Court to consider.[1] Accordingly, the motion is procedurally deficient. The Court will therefore deny plaintiff's motion for leave to amend.

In light of her *pro se* status, the Court will allow plaintiff an opportunity to set forth the

---

[1] While plaintiff's motion represented that a "Proposed First Amended Complaint" was attached as an exhibit, there was no attachment. Plaintiff then separately filed a duplicate of her original complaint at ECF No. 35.

facts supporting her claims of discrimination and retaliation in a more complete and organized manner, properly tailored to the elements of her surviving claims, and thus will allow her to file a renewed motion for leave to file an amended complaint. That motion must include a proposed amended complaint. Nonetheless, the failure of any proposed amended complaint to state a plausible claim will likely result in dismissal of this action.

## II.     Conclusion

For the foregoing reasons, the motion of defendant Inform Diagnostics, Inc. to dismiss is GRANTED. The claims against individual plaintiffs and the claim for conspiracy to violate the ADA are dismissed with prejudice, while the claims against Inform Diagnostics for discrimination and retaliation under the ADA are dismissed without prejudice to their renewal. The motion of defendant Brianna Bonome to dismiss is GRANTED with prejudice.

Plaintiff's motion for leave to file an amended complaint is DENIED without prejudice to its renewal. Plaintiff may file a new motion for leave to file an amended complaint, which must include a proposed amended complaint as an attachment. Any such motion must be filed within 21 days of this order—that is, by July 22, 2025. Failure to file that motion by the deadline will likely result in dismissal.

**So Ordered.**

Dated:  July 1, 2025

/s/  F. Dennis Saylor
F. Dennis Saylor IV
Chief Judge, United States District Court