UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BIANCA ORTIZ,<br><br>       Plaintiff,<br><br>    v.<br><br>INFORM DIAGNOSTICS, INC.,<br><br>       Defendant. | Civil Action No.<br>24-10967-FDS |

### ORDER ON PLAINTIFF'S MOTION TO ALLOW LATE FILING AND MOTIONS TO AMEND THE COMPLAINT

**SAYLOR, J.**

This is a civil action alleging workplace disability discrimination. Plaintiff Bianca Ortiz was formerly employed at Inform Diagnostics, Inc. She is proceeding *pro se*. Before the Court are plaintiff's motion to allow late filing and two motions to amend.

**I.   Background**

On April 18, 2024, Ortiz filed suit in this Court against her former employer, defendant Inform Diagnostics, Inc., in addition to various individual supervisors and human-resources employees. (Dkt. No. 1). The complaint appeared to assert claims for disability discrimination and retaliation under the ADA and conspiracy to violate the ADA. Inform Diagnostics moved to dismiss the complaint for failure to state a claim, and defendant Brianna Bonome filed a motion joining in Inform's motion to dismiss. (Dkt. Nos. 24, 30). Ortiz then filed a motion for leave to file an amended complaint, but did not submit a proposed amended complaint to that motion. (Dkt. No. 32).

On July 1, 2025, the Court issued an order granting defendants' motions to dismiss with

prejudice as to the claims against the individual defendants and the claim for conspiracy to violate the ADA, and without prejudice as to the claims against Inform Diagnostics for disability discrimination and retaliation. (Dkt. No. 41). In light of her *pro se* status, the Court concluded that it would allow Ortiz an opportunity to set forth the facts supporting her claims of discrimination and retaliation in a more complete and organized manner, properly tailored to the elements of her surviving claims, and thus permitted her to file a renewed motion for leave to file an amended complaint. (*Id.* at 3-4).

The Court ordered that any such motion must be filed by July 22, 2025. (*Id.* at 4). Ortiz did not adhere to that deadline. Instead, on August 5, 2025, she filed a combined motion to allow late filing and for leave to file a first amended complaint. (Dkt. No. 42). As grounds for the late filing, she stated that she did not timely receive a copy of the Court's order setting the deadline, and that her mother had passed away on July 15. Her motion attached a proposed amended complaint that asserts claims for (1) disability discrimination under the ADA; (2) retaliation under the ADA; (3) violation of the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148; and (4) conspiracy. Inform Diagnostics, the remaining defendant, opposed both motions. (Dkt. No. 47).

On December 30, 2025, while her motion for leave to file an amended complaint remained pending before the Court, Ortiz filed another proposed amended complaint. (Dkt. No. 48). That second proposed amended complaint asserts claims for disability discrimination and retaliation in violation of the ADA, but not violation of the Wage Act or conspiracy. (Dkt. No. 48-1).

The second proposed amended complaint alleges that Ortiz was employed by Inform Diagnostics as a specimen-processing analyst. (*Id.*). It alleges that she has multiple disabilities,

including anxiety, post-traumatic stress disorder, and depression. (*Id.*). It further alleges that in light of those impairments, she requested accommodations from Inform Diagnostics, such as a flexible work schedule and reassignment to a different department, and that Inform denied that request. (*Id.*). The amended complaint alleges that on the last day of her employment, Inform locked her out of the building, changed her job duties to physically demanding tasks, required her to sit on the floor despite medical limitations, and terminated her publicly. (*Id.*). For present purposes, the Court must assume that those allegations are true.

## II.     Standard of Review

Under Rule 15(a), a party may amend a pleading without leave of court in certain relatively narrow circumstances. Fed. R. Civ. P. 15(a). "In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, amendments may be denied on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). "In reviewing for futility, the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." *Id.*

Furthermore, because plaintiff is proceeding *pro se*, the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (citation modified); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); *see also Instituto De Educacion Universal Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23

(1st Cir. 2000). However, while *pro se* complaints "are accorded 'an extra degree of solicitude' . . . even a *pro se* plaintiff is required to 'set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Wright v. Town of Southbridge*, 2009 WL 415506, at *2 (D. Mass. Jan. 15, 2009) (quoting *Adams v. Stephenson*, 1997 WL 351633, at *1 (1st Cir. June 23, 1997) (per curiam)).

### III.    Analysis

Under the circumstances, and in light of plaintiff's *pro se* status, albeit with some reluctance, the Court will excuse the late filing and will not deny the motion for leave to amend on that basis.

The question then becomes whether plaintiff should be given leave to amend the complaint. The first proposed amended complaint asserted—in addition to the disability discrimination and retaliation claims—violation of the Massachusetts Wage Act and conspiracy. The Court has already dismissed the claim for conspiracy with prejudice, and therefore will not permit the amendment to assert such a claim. As for the claim under the Massachusetts Wage Act, there are substantial issues of undue delay (it is unclear why plaintiff did not assert this claim in the first instance, as she clearly would have been aware immediately if she had not been paid wages that she was owed) and futility (the claim may be barred by the statute of limitations). In any event, because plaintiff's second submission of an amended complaint did not assert either the conspiracy or Wage Act claims, it appears that plaintiff has elected to forgo the assertion of such claims, and therefore the Court need not reach the issue.

Construed with the solicitude appropriate for a *pro se* plaintiff, the second proposed amended complaint is not futile, as it states a claim upon which relief can be granted. The complaint identifies plaintiff's disabilities and the specific accommodations she requested. It alleges that defendant denied her request then took certain adverse actions against her. Again, at

4

this stage, the Court must take all well-pleaded allegations in the complaint as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the complaint certainly suffers from a lack of dates and other details, it has sufficiently identified certain events to give the defendant "fair notice of the nature of the claim asserted and the factual grounds upon which it rests." *Griffin v. FBIRA Bos., Inc.*, 2024 WL 2330744, at *3 (D. Mass. May 22, 2024) (citing *Silverstrand Invs. v. AMAG Pharm., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013)).

The Court will treat the second proposed amended complaint, which alleges more detailed versions of the discrimination and retaliation claims raised in the original complaint, as the operative pleading in this action. The Court will grant plaintiff's motion for leave to amend to that effect—that is, to permit the second amended version to serve as the operative complaint.

### IV.   Conclusion

For the foregoing reasons, the Court GRANTS plaintiff's motion for late filing (Dkt. No. 42); DENIES the August 2025 motion to file an amended complaint (Dkt. No. 42); and GRANTS the December 2025 motion to file an amended complaint (Dkt. No. 48). The clerk is directed to enter the December 30, 2025 complaint on the docket. Defendant Inform Diagnostics, Inc., shall answer or otherwise respond to the complaint within 21 days (that is, by February 11, 2026).

**So Ordered.**

Dated:  January 21, 2026

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Court Judge